# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

Viracon, Inc.,

                Plaintiff,

                                  Civ. No. 12-2566 (RHK/JJK)
                                  **MEMORANDUM OPINION**
                                  **AND ORDER**

v.

J&L Curtain Wall LLC d/b/a J&L
Curtainwall LLC, *et al.*,

                Defendants.

---

This matter is before the Court on Defendants' Motion to Stay Consideration of Plaintiff's Motion for Partial Summary Judgment (Doc. No. 20). For the reasons that follow, Defendants' Motion will be granted.

This is a contract action in which Plaintiff alleges that Defendants failed to pay for more than $1 million worth of custom "Insulated Glass Units" it had manufactured for them. Plaintiff commenced this action in September 2012 in the Steele County, Minnesota District Court, and Defendants timely removed the action to this Court on the basis of diversity jurisdiction. They then moved to dismiss for lack of personal jurisdiction and improper venue, or in the alternative to transfer this action to the Southern District of New York. The Motion was originally scheduled to be heard on December 7, 2012, but because of calendar conflicts with counsel and with the Court, it was rescheduled to February 22, 2013.

On January 11, 2013, Plaintiff filed its Opposition to the Motion to Dismiss. At the same time, however, it moved for partial summary judgment on certain of its claims, noticing its Motion for a hearing on the same date as the hearing on the Motion to Dismiss: February 22, 2013. This would require the parties to brief the jurisdictional issue while simultaneously briefing the case on the merits. As a result, Defendants now ask the Court to stay the summary-judgment Motion pending resolution of their Motion to Dismiss.

Defendants' Motion to Stay is well-taken. Absent jurisdiction, the [C]ourt "cannot proceed at all." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) (citation omitted). The jurisdictional question, therefore, must be resolved before the Court considers the summary-judgment Motion. Moreover, if the Court determines that it lacks jurisdiction (or that venue is improper), this action will be dismissed and briefing on summary judgment will have been a fruitless exercise. It would therefore be inefficient (and potentially wasteful) for the parties to brief summary judgment while the Motion to Dismiss is pending.

Furthermore, it has long been recognized that summary judgment "is proper only after the non-movant has had adequate time to engage in discovery." Stanback v. Best Diversified Prods., Inc., 180 F.3d 903, 911 (8th Cir. 1999); accord, e.g., Nolan v. Thompson, 521 F.3d 983, 986 (8th Cir. 2008); Robinson v. Terex Corp., 439 F.3d 465, 467 (8th Cir. 2006). Here, this case is in its infancy, Defendants have not yet filed their Answers, no scheduling conference has been held, and discovery apparently has not been

undertaken.  Accordingly, the Court believes that addressing summary judgment at this early juncture would be inappropriate.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Defendants' Motion to Stay Consideration of Plaintiff's Motion for Partial Summary Judgment (Doc. No. 20) is **GRANTED**.  Further briefing on Plaintiff's Motion for Partial Summary Judgment (Doc. No. 16) is **STAYED** pending further Order of the Court, and the hearing on that Motion is **CANCELED**.  For the sake of clarity, this means that the Court will only consider Defendants' pending Motion to Dismiss (or transfer) at the February 22 hearing.

Dated: January 24, 2013                                    s/Richard H. Kyle
                                                                           RICHARD H. KYLE
                                                                           United States District Judge